IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ELIZABETH L. WARD, as  :
Administratrix and personal  :
representative of the Estate of  :
CLIFTON DEVON WARD,  :
 :
    Plaintiff,  :
 :
vs.  :    CIVIL ACTION 09-0683-CG-M
 :
UOP LLC, *et al.*,  :
 :
    Defendant.  :

## REPORT AND RECOMMENDATION

The Motion to Remand filed by Plaintiff (Docs. 9-10) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332, pursuant to the diversity of the parties.  After consideration, it is recommended that Plaintiff's Motion be granted and that this action be remanded back to the Mobile County Circuit Court for all further proceedings.

The facts, very briefly, are as follows.  Clifton Devon Ward is the late husband of Plaintiff Elizabeth L. Ward; Clifton, who was employed by G.A. West Company, Inc.,[1] was killed in an accident while working at the facilities of Defendant UOP LLC, located in Chickasaw, Alabama on April 8, 2009 (Complaint, ¶¶ 1-

---

[1] West is not a Defendant in this action.

2).[2]  As the Administratrix of her husband's estate, Plaintiff brought this action in the Mobile County Circuit Court, raising claims of negligence and wantonness in his wrongful death (Complaint).  The claims were brought against Defendants UOP LLC, Plant Manager Alfred L. Cutrone, and Plant Safety Managers Jason Novak and Gary Dunn (Complaint, ¶¶ 3-5).  The Defendants removed the action to this Court on October 15, 2009 (Docs. 1, 3).  On November 12, Ward filed a Motion to Remand (Docs. 9-10); Defendants have responded to the motion (Docs. 16-17) to which Plaintiff has replied (Doc. 18).

In its removal petition, Defendants allege that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1446(a) (Doc. 1).  In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence.  *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 128 S.Ct. 2877 (2008).  In a removal action, that burden is upon the defendants.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).  Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala.

---

[2]The Complaint can be found at Doc. 3, pp. 113-19.

1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendants to the district court for the district in which the action is pending. 28 U.S.C. § 1441(a). The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

In this action, the parties do not agree on whether the parties are actually diverse or the amount in controversy. The Court will take up the second of these prongs as it will dispose of the Motion and render unnecessary a discussion of the first prong.

The query before the Court is the amount in controversy. As noted earlier, for this Court to entertain jurisdiction over this action, it will be necessary for Defendant UOP to demonstrate that the amount in controversy exceeds $75,000.

In the Complaint, Plaintiff seeks "punitive damages against the [] Defendants in an amount to be determined by the jury for the wrongful death of her deceased husband" (Complaint, pp. 4, 6). This is the only statement in the Complaint regarding the value of this case.

In removing this action, Defendants assert their "statutory right to a federal forum" and urge the Court to consider "the

fact that Plaintiff's counsel consistently values [wrongful death] cases in excess of $75,000" (Doc. 1, ¶ 22, 26). As support, Defendants direct this Court's attention to six cases in which Plaintiff's counsel has been successful in presenting his clients' cases to the jury (Doc. 1, ¶ 25).

The Court notes, however, that the Eleventh Circuit Court of Appeals, in *Lowery*, held that a party cannot determine the jurisdictional value of a case by gathering evidence from outside sources. *Lowery*, 483 F.3d at 1221. Specifically, the Court stated as follows:

> Defendants must establish the jurisdictional amount by a preponderance of the evidence. We note, however, that in situations like the present one-where damages are unspecified and only the bare pleadings are available-we are at a loss as to how to apply the preponderance burden meaningfully. We have no evidence before us by which to make any informed assessment of the amount in controversy. All we have are the representations relating to jurisdiction in the notice of removal and the allegations of the plaintiffs' [] complaint. As such, any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon. *See Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir.1978) (noting, in a removed class action, that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate" on whether the jurisdictional facts existed).
> [W]e conclude that the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the

> propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate.

*Lowery*, 483 F.3d at 1211-12. More specifically, though, *Lowery* addresses the type of evidence that Defendants have placed before the Court to gain jurisdiction in this forum:

> [W]e note that this evidence regarding the value of other tort claims was not received from the plaintiffs, but rather was gathered from outside sources. As such, the evidence is not of the sort contemplated by § 1446(b). Even if the defendants had received the evidence of other suits from the plaintiffs, we question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit. Looking only to this evidence and the complaint, the facts regarding other cases tell us nothing about the value of the claims in this lawsuit.

*Lowery*, 483 F.3d at 1221. *Lowery*'s words hold true here as well: The jury verdicts which have been provided to this Court provide no information relevant to this action. Though Defendants urge this Court to find *Lowery*'s holding unconstitutional, (Doc. 16, pp. 19-22), this Court declines to do so.

The Court finds that the amount in controversy is not readily deducible from the documents before the Court. Defendants have failed to meet its burden of proving, by a

5

preponderance of the evidence, that the amount in controversy here meets the jurisdictional requirement of $75,000. As such, this action has been improperly removed to this Court.

Therefore, it is recommended that Plaintiff's Motion to Remand (Docs. 9-10) be granted and that this action be remanded back to the Mobile County Circuit Court for all further proceedings.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred

to and incorporated into the brief in support of the
objection.  Failure to submit a brief in support of the
objection may be deemed an abandonment of the
objection.

   A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

   DONE this 21st day of January, 2010.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE